## A. W. VAN WINKLE & COMPANY, A BODY CORPORATE, PLAINTIFF-RESPONDENT, v. BARNET TOPCIK, DEFENDANT-APPELLANT.

Submitted May 15, 1936—Decided October 9, 1936.

Before Justices BODINE and HEHER.

For the appellant, *Heller & Hubert (Joseph A. Furrey,* of counsel).

For the respondent, *Strothers & Franklin (George A. Smith,* of counsel).

The opinion of the court was delivered by

HEHER, J. The plaintiff real estate broker was awarded judgment for the commission claimed to be due under a contract in writing, dated September 18th, 1934, whereby the defendant authorized it to sell his parcel of land and dwelling house therein described for the sum of $10,000 upon stipulated terms and conditions, and agreed to pay the specified commission "upon [its] procuring or introducing a purchaser to the property; commission due and payable on signing and delivering of agreements."

Concededly, plaintiff, on February 16th, 1935, while the contract subsisted, "introduced" one Strong "to the property," to employ the language of the contract; and shortly thereafter the latter entered into a contract of purchase at the price so fixed. As found by the District Court judge, sitting without a jury, the property "was listed with several brokers under what is known as an 'open' listing;" and the defense is that another broker actually "produced the buyer, while the plaintiff produced a prospect to purchase the property." The denials of defendant's motions for a nonsuit and a directed verdict are assigned for error. Appellant maintains that, under the circumstances, it was his privilege to remain "neutral between" the contending brokers, and to sell to a buyer produced by either without "being called upon to decide which was the primary cause of the purchase," citing *Vreeland* v. *Vetterlein*, 33 *N. J. L.* 247.

But, on the evidence adduced, it was open to the judge to find, as he did find, that plaintiff not only "introduced" the purchaser to the property, but also was the efficient cause of the sale, and that, notwithstanding that plaintiff had actually effected a sale on February 28th, 1935, and the parties had agreed to execute a written contract on March 4th, ensuing, defendant, at the behest of the vendee, who was moved by considerations of friendship for the second broker, executed the written contract, dated February 28th, not earlier than March 2d, and purposely antedated it to give color to the claim that the sale was effected by the second broker and not by plaintiff, and thus fraudulently to deprive the latter of the fruits of its labors under the contract in suit. The doctrine of *Vreeland* v. *Vetterlein, supra,* is not apposite in such circumstances. Plainly, there was the collusion and bad faith which render the principle inapplicable.

And it was not, as suggested by appellant, a prerequisite that the respondent effect a written contract of sale. Under the brokerage contract, the commission was earned when respondent "procured or introduced a purchaser to the property;" it was "due and payable" on the execution and delivery of the contract of sale. Assuming that "introduction" in the contractual sense, used as it was in the disjunctive, connotes

a sale resulting from respondent's efforts (the wider signification seems to have been adopted by the District Court judge), the judgment has a substantial basis in the proofs disclosed by the state of the case.

The judgment is accordingly affirmed, with costs.